UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA  )      Criminal No. 04-10267-DPW
                          )
                          )
        V.                )
                          )
                          )
HELDER MEDEIROS_____ )

SENTENCING MEMORANDUM OF HELDER MEDEIROS

Helder Medeiros respectfully submits this Memorandum in support of his request that the Court sentence him to no more than twenty-four months' incarceration.  In part I below, he argues that two years is the applicable statutory maximum under 8 U.S.C. § 1326, because he was not charged with, nor did he plead guilty to an indictment that charges a prior conviction of a felony.  In part II, the defendant addresses the reasons why the Court should impose the requested sentence under 18 U.S.C. § 3553(a).

    I.    <u>Two years is the applicable statutory maximum under 8 U.S.C. § 1326</u>.

        A.    <u>The defendant was not indicted for, nor did he plead guilty to, being deported after having been convicted of a felony</u>.

Mr. Medeiros was charged with violating 8 U.S.C. § 1326, "Illegal Re-entry of Deported Alien."  The indictment alleges that he, "being an alien and having been excluded, deported and removed from the United States…" was found here, "in violation of Title 8, United States Code, Sections 1326(a) and (b) (2) and Title 6, United States Code, Sections 202 (3) and (4) and Section 557."  The indictment does not allege his prior conviction of any crime.

B.  This Court should find that the defendant cannot be sentenced under 18 U.S.C. § 1326 (b) (2) and should sentence him under subsection (a) to no more than two years.

1. The Almendarez-Torres decision.

8 U.S.C. § 1326 (a) states that an alien who is deported and reenters shall be imprisoned not more than two years.  Section 1326 (b) (2) raises the statutory maximum to twenty years for an alien "whose removal was a subsequent to a conviction for commission of an aggravated felony."  The statute does not set out the manner or standard of proof required to support the ten-fold increase in the statutory maximum, although the statute does require findings regarding the class of the conviction, the timing relative to removal, and the characteristics that make a felony aggravated under 8 U.S.C. § 1101(a) (43).

In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the defendant, having admitted in his guilty plea colloquy that his deportation "had taken place" 'pursuant to' three earlier 'convictions' for aggravated felonies," argued that the Fifth Amendment required the prior felony convictions to be charged in the indictment. *Id*, at 227.  The Court, in a five to four decision, held that subsection (b) (2) is

> A penalty provision, which simply authorizes a court to increase the sentence for a recidivist.  It does not define a separate crime.  Consequently, neither the statute nor the Constitution require the Government to charge the factor that it mentions, an earlier conviction, in the indictment.

*Id*. at 226-227.

In his dissent, Justice Scalia wrote that "the text of the statute supports, if it does not indeed demand, the conclusion that subsection (b) (2) is a separate offense that includes the violation described in subsection (a) but adds the additional element of prior felony conviction." *Id*. at 250.  He criticized the majority's ruling that it was constitutionally permissible for "a

defendant's sentencing exposure to be increased tenfold on the basis of a fact that is not charged, tried to a jury, and found beyond a reasonable doubt." *Id*. at 260. He questioned why recidivism should be an exception to the rule that a fact which increases maximum permissible punishment must be found by a jury beyond a reasonable doubt: "[T]here is no rational basis for making recidivism an exception." *Id*. at 257-258 [emphasis in original]. He concluded that under the doctrine of constitutional avoidance, the Court should have construed section (b) (2) as defining a separate offense that must be charged and proven. *Id*. at 271.[1]

    2.    <u>A*lmendarez-Torres* is no longer good law</u>.

Cases decided after *Almendarez-Torres* – *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Ring v. Arizona*, 536 U.S. 584 (2002), *Blakely v. Washington*, 125 S. Ct. 2531 (2004), *United States v. Booker*, 125 S. Ct. 738 (2005), and *Shepard v. United States*, 125 S. Ct. 1254 (2005) – establish that the Sixth Amendment requires factors that increase statutory maximums to be charged and either proved beyond a reasonable doubt to a fact-finder or admitted as part of a guilty plea. Although the Court has continued to mechanically cite the irrational "exception" to this rule carved out by *Almendarez-Torres*, according to which prior convictions are the only facts increasing statutory maximums that do not need to be charged and proved, a majority of the Court believes that Almendarez-Torres was wrongly decided. Under the reasoning of these cases, *Almendarez-Torres* is no longer good law. This Court should utilize the doctrine of constitutional doubt to find that the statute under which the defendant is charged sets out a separate crime in subsection (b)

---

[1] "[W']here an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress." *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988).

(2). Therefore, since the defendant was not charged, and did not plead guilty to, the predicate conviction, he cannot be sentenced under that section.[2]

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." While affirming the questionable holding of *Almendarez-Torres*, the Court tightly limited that case to its facts, noting that *Almendarez-Torres* "represents at best an exceptional departure from the historic practice [of requiring pleading and proof of factors increasing statutory maximums]." 530 U.S. at 484, 487. The Court emphasized that no question regarding jury trial or standard of proof arose in *Almendarez-Torres* and explicitly noted that *Almendarez-Torres* may have been incorrectly decided and should be narrowly applied. *Id*. at 488-489. The Court's lack of confidence in *Almendarez-Torres* was undoubtedly reinforced by the defection of Justice Thomas, who authored a concurring opinion renouncing his swing vote in *Almendarez-Torres*. *Apprendi*, at 520-21 (Thomas, J., concurring).

In *Ring*, the Court addressed the inconsistency between *Apprendi* and *Walton v. Arizona*, 497 U.S. 639 (1990), in which the Court had upheld fact finding by a judge concerning sentencing factors predicate to a death sentence. The Court found that evolving constitutional litigation

---

[2] The Supreme Court stated long ago the "one [rule of] universal application, - that every single ingredient of the offence must be accurately and clearly expressed; or, in other words; that the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted." *United States v. Reese*, 92 U.S. 214, 232 (1875) (Clifford, J., concurring). This long-standing precedent, solid law before *Almendarez-Torres*, and upheld in case law since *Almendarez-Torres*, indicates that *Almendarez-Torres* is an invalid deviation from the common law and constitutional requirement that all the ingredients necessary for punishment be alleged in an indictment. As the defendant was not indicted for having a specific conviction under 8 U.S.C. § 1326 (b) (2), he cannot now be punished for it.

undermined *Walton*, and overruled that case. The Court specifically quoted Justice Thomas's concurring opinion in *Apprendi*, in which he asserted *Almendarez-Torres* was wrongly decided:

> [I[f the legislature defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact [,] … the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny. The aggravating fact is an element of the aggravating crime.

*Ring*, 536 U.S. at 605 (quoting *Apprendi*, 530 U.S. at 501 (Thomas, J., concurring)). In reversing *Walton*, the Court stated: "Because Arizona's enumerated aggravating factors operate as 'the functional equivalent of an element of a greater offense,' *Apprendi*, 530 U.S. at 494 n.19 …, the Sixth Amendment requires that they be found by a jury." *Ring*, 536 U.S. at 609.

In *Blakely* and *Booker*, the Court held that increases in mandatory guidelines punishment implicated Sixth Amendment rights, but nevertheless quoted *Apprendi* in excluding "the fact of a prior conviction" from its holding that any fact increasing the penalty for a crime beyond the prescribed statutory maximum must be found by a jury beyond a reasonable doubt or admitted to at a guilty plea. *Blakely*, 124 S. Ct. 2536; *Booker*, 125 S. Ct. at 747. By the time of the *Shepard* decision, however, five months after *Booker*, Justice Thomas openly questioned why the Court adhered to the rule of *Almendarez-Torres*, "which draws an exception to the *Apprendi* line of cases for judicial fact finding that concerns a defendant's prior convictions." *Shepard*, 125 S. Ct. at 1264. Concurring, Justice Thomas stated that *Almendarez-Torres*

> has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided [citation omitted]. The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez-Torres*' continuing viability. Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of *Almendarez-Torres*, despite the fundamental "imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable-doubt requirements."

5

*Id*. at 1264, quoting *Harris v. United States*, 536 U.S. 545, 581-582 (2002) (Thomas, J., dissenting).

In short, *Almendarez-Torres* is no longer good law. This Court should find that under the doctrine of constitutional doubt, 8 U.S.C. § 1326 (2) (b) sets out a separate crime that was neither charged nor admitted to by the defendant. Therefore Mr. Medeiros can only be sentenced, under subsection (a), to a maximum of two years.

      3.      <u>Even if Almendarez-Torres survives, it does not apply to this case</u>.

The Court in <u>Almendarez-Torres</u> addressed only the indictment clause of the Fifth Amendment. The defendant admitted during the plea colloquy that his deportation "had taken place 'pursuant to' three earlier 'convictions' for aggravated felonies." *Almendarez-Torres*, 523 U.S. at 227. The Court there expressly disavowed any holding regarding the manner and standard of proof required to establish the prior aggravated felony. <u>Id</u>. at 248. Here, Mr. Medeiros did not plead guilty to having the predicate conviction under subsection (2) (b). Accordingly, even assuming the continuing vitality of *Almendarez-Torres* as a statement of Fifth Amendment law, sentencing him to more than two years violates his Sixth Amendment rights under *Apprendi*, *Blakely*, and *Booker*.

Moreover, the current version of 8 U.S.C. § 1326 differs from that addressed in *Almendarez-Torres*. The statute at issue in *Almendarez-Torres* was simpler; former section 1326 included no reference to removal and created two simply categories of aliens "whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony)" and \*\*\*\* U.S.C. § 1101(a)(43) was less complex than at the time of the *Almendarez-Torres* decision. In 1988, the initial definition included only murder, drug trafficking, and weapons trafficking, Pub. L. No. 100-690, § 7342, 102 Stat. 4469, 4469-70. In 1990, the definition expanded to

6

include crimes of violence for which a term of at least five years imprisonment was imposed. Immigration Act of 1990, Pub. L. No. 101-649, § 501, 104 Stat. 4978, 5048.  In 1996, after Mr. Almendarez-Torres's guilty plea, the definition was expanded to cover dozens of potential offenses depending on various characteristics of the offense.  8 U.S.C. § 1101(a) (43) (2000).[3]

To increase the statutory maximum, 8 U.S.C. § 1326 now requires findings regarding the class of the conviction, the timing relative to removal, and the characteristics that make a felony aggravated under 8 U.S.C. § 1101 (a) (43).  However, the statute does not explicitly set out the manner or standard of proof for the increase in the statutory maximum.  Compliance with the mandate of *Apprendi* and its progeny require that those facts – facts beyond the mere fact of prior conviction – be proved beyond a reasonable doubt or admitted by the defendant.  That has not been done here.

In sum, *Almendarez-Torres* does not apply here because unlike that case, Mr. Medeiros did not admit as part of his plea that he had the necessary conviction to raise the statutory maximum to twenty years.  Under the present statute, the proof concerning the prior conviction is complex and the Court cannot assume the facts necessary to that finding.  Not having waived his Sixth Amendment rights to proof of the conviction, Mr. Medeiros cannot now be punished under the twenty year maximum.

II.     18 U.S.C. § 3553 (a) considerations.

The defendant will address these considerations at sentencing.

---

[3] Some of the offenses involve factors that would not be included in either a judgment or charging documents, such as the amount of loss (8 U.S.C. § 1101(a)(43)D) and (M)), the purpose of assisting a family member (8 U.S.C. § 1101 (a)(43)(N) and (P)), and factors classifying crimes as "crimes of violence" and drug trafficking crimes.  See James P. Fleissner and James S. Shapiro, Sentencing Illegal Aliens Convicted of Reentry After Deportation:  A Proposal for Simplified and Principled Sentencing, 8 SENT. RPTR. 243 (March/April 1996) (the tortuous amendment process has increased the complexity of determining what is an "aggravated felony").

           The defendant,
           HELDER MEDEIROS
           By his attorney,


           '/s/Walter H. Underhill, Esquire'
           Walter H. Underhill, Esq.
           66 Long Wharf
           Boston, MA
           02110
           4th. Floor
           Tel. # 617-523-5858
           B.B.O. # 506300

DATE:  AUGUST 23, 2005